IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

CHARLESTON DIVISION

ROBERT W. JOHNSON,

           Plaintiff,

v.                                                    CIVIL ACTION NO.  2:25-cv-00398

SYRACUSE HOUSING AUTHORITY, et al.,

           Defendants.

**MEMORANDUM OPINION AND ORDER**

Pending before the Court is Plaintiff's Civil Cover sheet, which was not accompanied by a complaint. (ECF No. 1.) Pursuant to 28 U.S.C. § 636(b)(1)(B), this matter was referred to United States Magistrate Judge Dwane L. Tinsley for submission of proposed findings and a recommendation ("PF&R"). (ECF No. 3.)

Magistrate Judge Tinsley filed his PF&R on August 11, 2025, recommending that the Court dismiss this action pursuant to Rule 41(b) of the Federal Rules of Civil Procedure for failure to prosecute. (ECF No. 5.) Pursuant to an order issued on July 1, 2025, Plaintiff was ordered to file a complaint, and pay any fees necessary to proceed with this action. (*See* ECF No. 4.) Plaintiff was advised that if he did not comply with that order before July 29, 2025, Magistrate Judge Tinsley would recommend dismissing this case for failure to prosecute. It is now September, and Plaintiff has still failed to comply. (*Id.*)

The Court is not required to review, under a de novo or any other standard, the factual or legal conclusions of the magistrate judge as to those portions of the findings or recommendation

to which no objections are addressed. *Thomas v. Arn*, 474 U.S. 140, 150 (1985). Failure to file timely objections constitutes a waiver of de novo review and the Petitioner's right to appeal this Court's Order. 28 U.S.C. § 636(b)(1); *see also Snyder v. Ridenour*, 889 F.2d 1363, 1366 (4th Cir. 1989); *United States v. Schronce*, 727 F.2d 91, 94 (4th Cir. 1984). In addition, this Court need not conduct a de novo review when a party "makes general and conclusory objections that do not direct the Court to a specific error in the magistrate's proposed findings and recommendations." *Orpiano v. Johnson,* 687 F.2d 44, 47 (4th Cir. 1982).

Objections to the PF&R were due on August 28, 2025. (ECF No. 5.) To date, no objections have been filed.

Rule 41(b) generally calls for dismissal with prejudice. *See* Fed. R. Civ. P. 41(b) ("Unless the dismissal order states otherwise, a dismissal under this subdivision (b) and any dismissal not under this rule . . . operates as an adjudication on the merits."). However, there is no evidence that Plaintiff has acted in bad faith, and this Rule 41(b) dismissal is raised *sua sponte*. *See Dougals v. Heater*, 2021 WL 784806 (S.D. W. Va. Mar. 1, 2021) (Johnston, J.) ("With no evidence that Plaintiff has acted deliberately or in bad faith by failing to prosecute this action, and in light of the Court raising the prospect of Rule 41(b) dismissal *sua sponte*, the Court finds that dismissal without prejudice is appropriate at this time."). Therefore, dismissal without prejudice is warranted.

Accordingly, the Court **ADOPTS** the PF&R, (ECF No. 5), and **DISMISSES** this matter **WITHOUT PREJUDICE**. The Clerk is **DIRECTED** to remove this case from the active docket of this Court.

**IT IS SO ORDERED.**

The Court **DIRECTS** the Clerk to send a copy of this Order to counsel of record and any unrepresented party.

        ENTER:       October 1, 2025

_____
THOMAS E. JOHNSTON
UNITED STATES DISTRICT JUDGE